117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Inguito VENADAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70544, AXX-XXX-XXX.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen Inguito Venadas, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Venadas contends that the BIA abused its discretion in dismissing his appeal, finding that he failed to present sufficient evidence of a well-founded fear of future persecution. This contention lacks merit.
 
 
 4
 The factual determinations underlying the denial of asylum are reviewed for substantial evidence. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). Under this standard, the determination that an applicant is not eligible for asylum must be upheld unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacharias, 502 U.S. 478, 481 (1992).
 
 
 5
 To be eligible for asylum, the applicant must provide "credible, direct, and specific evidence" that he has been persecuted, or has a reasonable fear of persecution upon return to his country, on account of race, religion, nationality, membership in a particular social group, or political opinion. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 6
 Venadas testified that on various occasions in late 1990 and early 1991, members of the New People's Army ("NPA") came to his house to ask him to spy for them and to demand pigs and revolutionary taxes. Venadas informed them of the people's views of the NPA, and he supplied the pigs and paid the taxes. When Venadas stopped giving them financial support because they were taking all of his profits, the NPA threatened to kill him, forcing him to go into hiding at a relative's house for a month. In his asylum application, Venadas stated that the government and military blacklisted him because he had belonged to the League of Filipino Students.
 
 
 7
 The evidence presented is not so compelling that a reasonable factfinder would have to conclude that Venadas had a well-founded fear of persecution sufficient to satisfy the objective component. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996). Venadas was never arrested, detained, or physically harmed, nor was anyone in his family. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) (stating that fact that applicant was "not tortured, beaten, molested, harmed, or even threatened" during brief detention by Salvadoran military officials supported BIA's finding that his fear of future persecution was not well-founded); see also Rodriguez-Rivera, 848 F.2d at 1006 (considering family's present safety in finding no well-founded fear of persecution). Additionally, the evidence does not indicate that the NPA was motivated by Venadas' political beliefs but, rather, by his refusal to continue to pay the NPA. See Sanaha v. INS, 103 F.3d 1482, 1490-91 (9th Cir.1997). Venadas' claim is further undermined by the changed conditions in the Philippines since his departure, as evidenced by the State Department's Country Reports on Human Rights Practices. See Acewicz v. INS 984 F.2d 1056, 1061 (9th Cir.1993); see also Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to likelihood of future persecution). We conclude that substantial evidence supports the BIA's determination that Venadas failed to establish a well-founded fear of future persecution. See Kotasz, 31 F.3d at 851.
 
 
 8
 Because Venadas failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.[1]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Contrary to Venadas' contention, the BIA is not required to analyze independently his requests for asylum and for withholding of deportation. Where the BIA correctly acknowledges the two different standards for asylum and withholding of deportation, it need not analyze the evidence separately under each standard. See Quintanilla-Ticas v. INS, 783 F.2d 955, 957 (9th Cir.1986)